# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHER DISTRICT OF OHIO
### WESTERN DIVISION

Christopher F. Jones,                                    Case No. 1:15CV01927

               Petitioner,

               v.                                    **ORDER**

Ernie Moore,

               Respondent.


       This is a habeas corpus petition under 28 U.S.C. § 2254. Pending is the petitioner's objection to a Magistrate Judge's Report & Recommendation (R&R). (Doc. 12). For the reasons that follow, I find the objection not well taken, adopt the R&R, and decline to issue a certificate of appealability.

       A jury in Lorain County, Ohio, Common Pleas Court convicted the petitioner of charges of rape and importuning of a twelve-year-old girl. He has exhausted his state court remedies. His habeas petition asserted two challenges to his conviction: 1) exclusion of evidence relating to a doctor's pelvic examination of the victim; and 2) ineffective assistance of counsel. In a thorough opinion, the Magistrate Judge concluded that the first ground, relating to an evidentiary ruling, stated a non-cognizable claim under state law. With regard to the claim of ineffective assistance of counsel (due to the failure to subpoena the doctor who conducted the examination), the Magistrate Judge concluded that even if counsel's performance was deficient, petitioner failed to show resultant prejudice.

       The petitioner's objection challenges only the finding of a lack of prejudice.

       On *de novo* review, I agree with the Magistrate Judge that the petitioner has not shown

prejudice. That is what the state courts concluded, and their decision was not contrary to applicable law.

Regardless of the conclusion of the state courts, I reach the same conclusion independently. As the petitioner alleges, his lawyer should not have assumed that the state would be calling the doctor and should, instead, have subpoenaed him for trial. However, contrary to the petitioner's contention, there was no prejudice.

Though the doctor would have testified that the victim's hymen was "loose," rather than "torn" as the victim testified, he also had concluded that the partial damage resulted from penetration. Thus, at bottom, his testimony would have corroborated, rather than contradicted, that of the victim. That being so, the failure to subpoena and call the doctor on behalf of the petitioner certainly would not have resulted in a different outcome.

Accordingly, it is hereby,

ORDERED THAT: the petitioner's objection to the Magistrate Judge's Report & Recommendation be overruled, the Report & Recommendation be adopted as the order of this court, and the petition for a writ of habeas corpus be, and the same hereby is, denied.

I decline to issue a certificate of appealability, as jurists of reason could not disagree with the Magistrate Judge's findings and conclusions or this court's overruling of the petitioner's objection.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge

2